

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FUTUREWEI TECHNOLOGIES INC., §
D/B/A HUAWEI TECHNOLOGIES (USA) §
    Plaintiff, §
  §
V. §    CAUSE NO. 4:09CV455
  §
E. OLIVER CAPITAL GROUP, LLC, §
MIO GROUP, LTD., §
MIO GROUP INCORPORATED, and §
GILBERT R. ARMENTA, §
    Defendants. §

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

On April 7, 2011, the Court conducted a show cause hearing as to why Defendant Gilbert Armenta should not be held in contempt of Court for failure to comply with this Court's orders. Armenta did not appear at the hearing but was notified of it.[1]

The record in this case indicates a complete disregard of the judicial process by Defendant Armenta, who is also apparently the corporate representative of all remaining corporate Defendants named in the suit. For the reasons set forth below, the Court **WITHDRAWS Docket Number 43**, its September 28, 2010 Order Denying as Moot Plaintiff's Motion to Reconsider Order to Arbitrate and Motion to Vacate Stay, and finds that the stay in this matter should be lifted, that the referral to

---

[1] As indicated by the record, notice was sent to three separate addresses for Defendant Armenta via certified mail and first class mail at all last known addresses provided by his counsel prior to withdrawal. Both withdrawing counsel and the Clerk of Court sent Defendant notice of the hearing, and service on at least one was accepted at one of the addresses provided.

arbitration should be vacated, and that the case should return to the docket of this Court for final disposition.

A brief review of the procedural history of this case illustrates Defendants' unacceptable conduct herein. This case was originally filed on September 9, 2009. After all Defendants made an appearance through counsel, they filed a motion seeking to compel arbitration. Plaintiff opposed the motion.

The Court issued a 10-page report and recommendation analyzing Defendants' grounds for arbitration, and the Court ultimately granted Defendants' request to refer the case to arbitration and stayed the case pending arbitration (*see* Dkts. 26, 30 and 31). Three months after the case was stayed and referred to arbitration, Plaintiff notified the Court that Defendants had wholly failed to participate in the arbitration proceedings conducted by the AAA and asked the Court to vacate the referral order (*see* Dkts. 32 & 33). The Court conducted two show cause hearings on the issue of Defendants' alleged failure to participate in arbitration and, based on Defendants' representations to the Court on the issue, ultimately directed the parties to fully comply with the Court's arbitration referral. Defendant Armenta was present at the August 23, 2010 hearing on the matter. After that hearing, Defendants filed several pleadings with the Court which indicated that they were proceeding with the arbitration as directed, and the Court therefore denied Plaintiff's Motion to Reconsider Order to Arbitrate and Motion to Vacate Stay as moot (*see* Dkt. 43).

In March 2011, the Court was notified that Defendants were again refusing to participate in the arbitration proceedings. Their counsel (who were apparently not representing Defendants in the

arbitration proceedings) filed a motion stating that Defendants had also ceased communication with them and asking to withdraw from representation. In the order setting the hearing on the motion to withdraw, the Court directed Defendant Armenta, both in his individual and corporate representative capacities, to appear (*see* Dkt. 47). Armenta did not appear as directed.

The Court then set a show cause hearing directing Armenta to appear before it on April 7, 2011 (*see* Dkt. 49). Armenta did not appear, but Plaintiff re-urged its motion to vacate the stay and arbitration referral. Having heard the arguments of Plaintiff's counsel at the hearing and based on the record, the Court finds that Plaintiff's motion should be GRANTED.

A court is not required to stay judicial proceedings in favor of arbitration if there has been a "default in proceeding with such arbitration." 9 U.S.C. § 3. While default is not defined by the Federal Arbitration Act, courts in this circuit have explained that whether a party has defaulted involves an examination of the peculiar facts of each case to determine whether, through action or inaction, a party has forfeited its right to arbitrate. *Youngs v. Haugh*, 2009 WL 701013, 3 (N.D. Tex. 2009) (citing *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F.3d 341, 346 (5th Cir. 2004) and *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 65 (5th Cir. 1987)). Of particular importance here is the fact that *Defendants* sought the referral to arbitration upon being served with this suit but then have apparently refused to meaningfully participate in the very arbitration they requested. *See Miller v. Aaacon Auto Transport, Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977) (noting that "the district court would always have authority to set aside a stay improvidently granted" and that an order vacating stay would be appropriate if the defendant who originally sought the stay were the party

responsible for the delay in arbitration).

Defendants have (since the withdrawal of their counsel) not participated in this case or the arbitration. It is clear in this Circuit that "a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Tyco Int'l (U.S.) Ltd. v. Swartz*, 422 F.3d 41, 47 n. 5 (5th Cir. 2005). *See also Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) ("If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay."). The Court finds that Defendants have engaged in such gamesmanship here – wasting significant Court and party resources.

As stated at the April 7, 2011 hearing, the Court further finds that such dilatory conduct by Defendants constitutes a default in proceeding with the arbitration and warrants vacating the order staying the case and referring the matter to arbitration. Plaintiff did not invoke arbitration and should not now be saddled with the costs of litigating in that forum if Defendants wholly refuse to participate.

The Court further finds that Defendants' contemptuous conduct herein has caused Plaintiff to unnecessarily incur attorney's fees. A district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.,* 894 F.2d 696, 703 (5th Cir. 1990). The court may sanction conduct which constitutes "disobedience to the orders of the Judiciary," *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991). But for Defendants' tactics, many of Plaintiff's fees here would simply not have been

incurred.  The Court finds that Plaintiff should be awarded the attorney's fees it reasonably incurred in this matter in conjunction with (1) responding to Defendants' motion to compel arbitration in this matter; (2) preparing the motion to vacate stay in this matter; and (3) preparing for and attending the hearings held in this matter on August 18, 2010, August 23, 2010, and April 7, 2011 relating to Defendants' failure to comply with the Court's orders.[2]  Plaintiff is directed to submit an attorney's fees affidavit in support of any such fees within ten days of the date of this report for consideration by the District Judge.  Defendants should be jointly and severally liable for these sanctions.

The Court further refers this matter to this District Court for consideration of whether criminal contempt proceedings against Defendant Armenta are warranted under 18 U.S.C. 401.

The Court therefore recommends that Futurewei Technologies Inc.'s Motion to Reconsider Order to Arbitrate and Motion to Vacate Stay (Dkt. 32) be GRANTED, that the May 7, 2010 Orders of Stay and Referral to Arbitration (Dkts. 30 and 31) be VACATED, that this stay in this matter be lifted, and that the case proceed in this Court.  The Court further recommends that sanctions be issued against Defendants jointly and severally for the amount of fees reasonably incurred by Plaintiff for Defendants' failure to comply with this Court's orders.

---

[2]The Court notes that these sanctions are limited to the fees incurred by Plaintiff as a result of Defendants' refusal to comply with this Court's May 7, 2010, August 24, 2010, March 14, 2011, and March 29, 2011 orders (*see* Dkts. 30, 31, 37, 47 & 49) directing compliance with this Court's orders and Armenta's appearance before the Court.  Sanctions for similar dilatory or non-responsive conduct in the arbitration proceedings are reserved for the arbitrator and should be raised there.  *See Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 463 (5th Cir. 2010).

***The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Report and Recommendation to all addresses listed for Defendants in its prior order via certified and first-class mail.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of April, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE