IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FUTUREWEI TECHNOLOGIES INC., § | | |
| D/B/A HUAWEI TECHNOLOGIES (USA) § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CAUSE NO. 4:09CV455 | |
| § | | |
| E. OLIVER CAPITAL GROUP, LLC, § | | |
| MIO GROUP, LTD., § | | |
| MIO GROUP INCORPORATED, and § | | |
| GILBERT R. ARMENTA, § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE**

On May 10, 2011, the Court conducted a hearing on Plaintiff's Motion for Judgment and Default Judgment (*see* 4/7/2011 "Oral Motion for Judgment" & Dkt. 76) in this matter, the stay in this matter having been lifted and the referral to arbitration vacated.

As indicated by the record, notice of the hearing was sent to Defendants on April 19, 2011at all known addresses for Defendants (*see* Dkts. 58 -75). The acknowledgment of receipt of the notice sent to Defendant Gilbert Armenta – the only non-corporate Defendant and the corporate representative for all other corporate Defendants – was filed on April 25, 2011, 15 days before the hearing (*see* Dkt. 67). No Defendant or representative for any Defendant appeared at the scheduled hearing.

Plaintiff appeared at the hearing, with its corporate representative and counsel. At the hearing, Plaintiff offered testimony and evidence of its damages, attorney's fees, and costs.

Plaintiff's damages, fees and costs are supported by affidavits which are part of the record in this case (*see* Dkts. 77, 78, 80, 83, 84 & 85).

Having heard the evidence and testimony presented, the Court finds that Plaintiff's Motion for Judgment and Default Judgment (*see* 4/7/2011 "Oral Motion for Judgment" & Dkt. 76) should be GRANTED, that default be entered against Defendants and that the proposed final judgment submitted by Plaintiff (Dkt.76-1) be entered for Plaintiff. According to the record herein, since the withdrawal of their counsel – which the Court ultimately granted because Defendants had ceased all communication with their own attorneys – Defendants have wholly failed to plead or otherwise defend the claims against them in this matter. Defendants were directed to appear at the hearings conducted on March 29, 2011 and April 7, 2011 and failed to do so (*see* Dkts. 47 & 49). Defendants were directed to retain new counsel by April 7, 2011 and failed to do so (*see* Dkt. 49). Defendants were directed to appear at the hearing on the motion for entry of default judgment and failed to do so (*see* Dkt. 58). Defendants have failed to file any responses in opposition to the request for default. And, as this Court has already discussed, Defendants refused to participate in the arbitration which was ordered by this Court (*see* Dkt. 52). Such refusal to participate, defend or respond to Court orders constitutes bad faith and is grounds for the issuance of default against them. *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) ("There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment.").

The Court further finds that Defendants have had ample notice as required under Rule 55(b)(2) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). The oral motion for judgment was made on the record at the April 7, 2011 hearing, and notice of the hearing on that motion was sent on April 19, 2011. The hearing was not held until more than a month after the motion was made and well more than 7 days after notice was served. Since the withdrawal of their counsel, the Clerk of Court has sent notice of all hearings in this matter to all known addresses for Defendants, via both certified and first class mail. The Court notes that the majority of those notices have been returned as "Undeliverable: Return to Sender/Attempted-Not Known/Unable to Forward" (*see* Dkts. 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 86, 87, 88, 89, 90, 91, 92 & 93). Those notices served on individual Defendant Gilbert Armenta, including the notice setting the default judgment hearing, however, were delivered and received at the address provided (*see* Dkts. 50, 57 & 67). Since he is the corporate representative for all other corporate Defendants, the Court finds that notice has been given to all Defendants of the default proceedings and that Defendants have chosen to remain silent. Therefore, in light of their refusal to participate in the suit, default judgment should be entered against them.

The Clerk of Court shall make one final attempt at serving Defendants by sending a copy of this Report to Defendants via certified and first class mail to the following addresses:

E. OLIVER CAPITAL GROUP LLC, ET AL.
200 S. Andrews Ave., Ste. 200
Ft. Lauderdale, FL 33301


Gilbert Armenta
c/o E. OLIVER CAPITAL GROUP LLC
200 S. Andrews Ave., Ste. 200
Ft. Lauderdale, FL 33301


MIO GROUP, LTD.
200 S. Andrews Ave., Ste. 200
Ft. Lauderdale, FL 33301


MIO GROUP, INC.
200 S. Andrews Ave., Ste. 200
Ft. Lauderdale, FL 33301


Gilbert Armenta
4020 Galt Ocean Drive # 708
Fort Lauderdale, Florida 33308


Gilbert Armenta
35864 Avenue 13
Madera, California 93636-7920


Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE