

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| FUTUREWEI TECHNOLOGIES INC., <br> D/B/A HUAWEI TECHNOLOGIES (USA) <br>     Plaintiff, | § <br> § <br> § <br> § | |
| V. | § | CAUSE NO. 4:09CV455 |
| | § | |
| E. OLIVER CAPITAL GROUP, LLC, <br> MIO GROUP, LTD., <br> MIO GROUP INCORPORATED, and <br> GILBERT R. ARMENTA, <br>     Defendants. | § <br> § <br> § <br> § <br> § | |

## MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING <u>MOTION FOR DEFAULT JUDGMENT</u>

Having considered Plaintiff's Motion for Judgment and Default Judgment (*see* 4/7/2011 "Oral Motion for Judgment" & Dkt. 76) and the entire record in this matter, including Defendants' participation in the case, the Court WITHDRAWS its May 19, 2011 Report and Recommendation, Docket Entry 95, and finds that Plaintiff's Motion for Default Judgment (Dkt. 76) should be DENIED.

### PROCEDURAL BACKGROUND & EVIDENCE PRESENTED

A brief overview of the procedural history of this case is instructive to the Court's revised recommendation.

This case was initially filed by Plaintiff on September 9, 2009. On October 12, 2009, Defendants appeared through counsel and filed a motion seeking to refer the case to arbitration. *See*

Dkts. 1-9. Plaintiff opposed that motion, but the case was ultimately referred to arbitration. Apparently, at some point during the arbitration – and after the Court held one hearing during which Defendant Armenta was cautioned that his participation in the arbitration proceedings was required – Defendants stopped participating in the proceedings or communicating with their counsel. Their counsel filed a motion to withdraw, which the Court granted, and the arbitration order was vacated, returning the case to this Court.

On May 10, 2011, after several months of silence from Defendants, the Court conducted a hearing on Plaintiff's Motion for Judgment and Default Judgment (*see* 4/7/2011 "Oral Motion for Judgment" & Dkt. 76), the stay in this matter having been lifted and the referral to arbitration vacated. Notice of the hearing was sent to Defendants on April 19, 2011 at all known addresses (*see* Dkts. 58 -75). The acknowledgment of receipt of the notice sent to Defendant Gilbert Armenta – the only non-corporate Defendant and the corporate representative for all other corporate Defendants – was filed on April 25, 2011, 15 days before the hearing (*see* Dkt. 67). No Defendant or representative for any Defendant appeared at the scheduled hearing.

Plaintiff appeared at the hearing, with its corporate representative and counsel. At the hearing, Plaintiff offered testimony and evidence of its damages, attorney's fees, and costs. Plaintiff supported its damages, fees and costs by filing affidavits as part of the record in this case (*see* Dkts. 77, 78, 80, 83, 84 & 85).

On May 19, 2011, the Court entered a report recommending that Plaintiff's Motion for Judgment and Default Judgment (*see* 4/7/2011 "Oral Motion for Judgment" & Dkt. 76) be granted,

that default be entered against Defendants and that a final judgment be entered for Plaintiff (*see* Dkt. 95). A copy of the report and recommendation was sent to Defendants at all last known addresses. On June 2, 2011, new counsel appeared for Defendants and filed an answer to the complaint and an objection to the report and recommendations on Defendants' behalf (*see* Dkts. 99, 100, & 101).

Since that date, the Court has conducted two evidentiary hearings regarding Defendants' objections to the entry of default judgment against them and allowed Plaintiff some discovery regarding Defendants' allegations therein. Defendant Armenta testified at both hearings. Armenta contends that he believed that his former in-house counsel, Angel Sala, was representing him and his corporate entities during the arbitration and that he never received the Court's certified mail correspondence which was delivered to the front desk at his high rise condominium. In response, Plaintiff offered deposition testimony from the two employees at Armenta's condominium complex who signed for his registered mail and the deposition of Defendants' former attorney, Sala. Plaintiff argues that Sala was never hired to manage this case in arbitration and that the two condominium employees testified that the Court's correspondence was placed in a locked mailbox that only Armenta and his wife could access. *See* Dkt. 122.

## ANALYSIS

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendants have now appeared in this suit and– since the Court's original report and recommendations as to default judgment – have been actively defending the claims against them, making default inappropriate. The Fifth Circuit Court

3

of Appeals has explained the disfavor with which default judgments are treated:

> Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal. Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal citations and quotations omitted).

Noting that modern procedure favors a trial on the merits, the Fifth Circuit continues:

> To determine whether good cause to set aside a default exists - a decision necessarily informed by equitable principles - we have found it useful to consider three factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.

*Id.* (internal citations and quotations omitted).

While default has yet to be entered here – only recommended – the Court finds these principles instructive in resolving the matter at hand. As noted above, Defendants have appeared through new counsel and are now actively participating in the case and defending the claims against them. Moreover, the Court cannot make a finding – having heard Mr. Armenta's sworn testimony stating that he was unaware of the ongoing Court proceedings – that his and the other Defendant's failure to participate was intentional and willful. Indeed, if the Court recommended entry of default judgment, the Court finds that Defendants could offer sufficient evidence to support a finding of

4

good cause to set aside the default, including Armenta's purported reliance on in-house counsel and claim that he never received the notices signed for by his condominium management. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) ("noting that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."). Thus, even if the Court finds Armenta's explanations as to his three-month silence in the suit suspicious, there is now sufficient participation by Defendants such that the pending recommendation of default is no longer appropriate.

While the Court finds that default is no longer an appropriate remedy, that is not to say that Plaintiff has not been forced to incur significant time and fees in tracking Defendants down. Because Plaintiff would otherwise be financially prejudiced by the withdrawal of the Court's recommendation, Defendants shall be responsible for Plaintiff's costs and fees in this suit incurred from April 16, 2011 until September 13, 2011, the date of the last hearing on the matter of default.[1] Within 10 days of the date of this report, Plaintiff shall provide an affidavit of those fees and costs for the District Judge's consideration. Any award of fees should be paid to Plaintiff within 10 days of the District Judge's order. Defendants are cautioned that failure to fully pay Plaintiff any amounts awarded by the District Judge will result in immediate withdrawal of this recommendation, and the recommendation that default be entered against Defendants will be reinstated. Plaintiff simply should not be required to bear the costs of what at the very least is negligence by Defendants in defending this suit.

---

[1] Sanctions have already been issued against Defendants for the costs and fees incurred by Plaintiff as a result of Defendants' dilatory conduct prior to April 15, 2011. *See* Dkt. 79.

Based on the record before it and in light of Defendants' current representation by counsel and participation in the suit, the Court WITHDRAWS its May 19, 2011 Report and Recommendation, Docket Entry 95, recommends that Plaintiff's Motion for Default Judgment (Dkt. 76) be DENIED and that Defendants be required to pay the costs and fees incurred by Plaintiff between April 16, 2011 and September 13, 2011 within 10 days of the final order on the motion for default. The Court notes that this recommendation is based on the fact that Defendants are now represented by counsel who are bound by their own ethical duties to the Court and opposing counsel. Defendants' counsel is expected to promptly respond to all correspondence and to cooperate in this litigation. Moreover, before any future withdrawal of counsel is considered by the Court, the corporate Defendants will be required to retain substitute counsel. Additionally, if Defendant Armenta moves or changes his primary mailing address, he shall notify the Court within 10 days of such move. Any future lack of participation by any Defendant will result in immediate recommendation of entry of default judgment.

*The parties shall submit an agreed scheduling order to govern the remaining deadlines in this case within 30 days of this report and recommendation. The case shall proceed while this recommendation is pending, and no further dilatory or obstructive conduct will be tolerated.*

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of October, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE