IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FUTUREWEI TECHNOLOGIES INC., <br> D/B/A HUAWEI TECHNOLOGIES (USA) <br> Plaintiff, <br><br> V. <br><br> E. OLIVER CAPITAL GROUP, LLC, <br> MIO GROUP, LTD., <br> MIO GROUP INCORPORATED, and <br> GILBERT R. ARMENTA, <br> Defendants. | § § § § § § § § § § § | CAUSE NO. 4:09CV455 |

**MEMORANDUM OPINION AND ORDER STRIKING DEFENDANTS' PLEADINGS AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING MOTION FOR DEFAULT JUDGMENT**

On April 25, 2012, Plaintiff Futurewei Technologies, Inc. filed its Motion for Entry of Default Judgment Against All Defendants (Dkt. 144). On May 2, 2012, the Court held a hearing on Plaintiff's motion. Counsel and representatives for all parties were present. At the hearing, the Court heard arguments of counsel regarding Defendants' failure to comply with Judge Schell's March 29, 2012 order directing payment of attorneys' fees and Defendants' failure to respond to Plaintiff's discovery requests. As set forth below, the Court finds that Plaintiff Futurewei Technologies, Inc.'s Motion for Entry of Default Judgment Against All Defendants (Dkt. 144) – to which Defendants have filed no written response in opposition[1] – should be GRANTED.

___

[1]The Court notes that Local Rule CV-7(d) provides that failure to file a written response to a motion permits the Court to assume the relief requested is unopposed. *See* E.D. TEX. CV-7(d). Although Defendants appeared at the hearing, it is worth noting that Defendants have

1

#### COURT'S ORDER REGARDING MAY 2, 2012 HEARING

On May 3, 2012, after the Court's hearing on Plaintiff's motion for default, the Court entered an order directing Defendants to fully respond to Plaintiff's discovery as directed and to pay the amount ordered by Judge Schell on March 29, 2012 within 10 days. *See* Dkt. 47. That order indicated that failure to comply by Defendants would result in the striking of Defendants' pleadings and a recommendation that default judgment be entered against them. *Id.* A similar admonition was made during the May 2, 2012 hearing.

On May 14, 2012, Plaintiff filed a notice that Defendants have not complied with the Court's Order Regarding May 2, 2012 Hearing that they pay the attorneys' fees ordered by Judge Schell within 10 days. *See* Dkt. 148. On June 14, 2012, Plaintiff filed a supplemental notice that Defendants have failed to fully comply with the Court's Order Regarding May 2, 2012 Hearing regarding responses to Plaintiff's discovery requests. *See* Dkt. 151.

#### DEFENDANTS' FAILURE TO COMPLY

Defendants have not responded to Plaintiff's notices or otherwise attempted to address their failures to comply with the Court's orders. Specifically, no explanation has been provided as to the failure to pay Plaintiff $81,956.14, as ordered by Judge Schell on March 29, 2012.

Defendants also have not provided the Court with any explanation as to their failure to fully comply with Plaintiff's discovery requests. According to Plaintiff, the deficiencies in Defendants'

---

provided no specific arguments or authorities in opposition to the request, and in particular have identified no authorities that would indicate that it is not within the Court's discretion to grant default under the facts and procedural history currently before the Court.

2

discovery responses are ample and include the following: (1) Defendants provided only three documents in response to Plaintiff's request for copies of all Corporate Meeting Minutes for the named Corporate Defendants[2] from 2006 to the present; (2) Defendants provided only a handful of documents from only four of the twenty-nine entities in response to Plaintiff's request for all Corporate Meeting Minutes for the twenty-nine related entities from 2006 to the present; (3) Defendants produced only E. Oliver Capital Group LLC's partnership tax return for 2006 and 2007 in response to Plaintiff's request for tax returns for the Corporate Defendants from 2006 through the present: (4) Defendants produced no documents dated after 2008 in response to Plaintiff's request for documents identifying the corporate assets and liabilities for the Corporate Defendants for the period 2006 through the present; (5) Defendants have not provided a list of all officers and directors for the related entities for 2006 to present; (6) Defendants did not produce any documents for 2010-2011 in response to Plaintiff's request for Gilbert Armenta's federal tax returns from 2006 through the present; and (7) Defendants did not produce any copies of any correspondence to Plaintiff from Defendants relating to complaints regarding the equipment or services provided by Futurewei, as requested. *See* Dkt. 151. Plaintiff also alleges that, in response to Plaintiff's request for monthly account statements which detail Gilbert Armenta's assets including bank accounts, investments accounts, property deeds, etc. from 2006 through the present, Defendants only produced selected account statements from three different bank accounts on which Gilbert Armenta is named account holder. *Id.* According to Plaintiff, Defendants failed to produce complete sets of records for any of

---

[2]There are three named Corporate Defendants.

the bank accounts, and no documentation relating to any of Gilbert Armenta's other assets was produced. *Id.*

Indeed, rather than address the pending matter of default and the matter of their discovery responses, Defendants now proceed in the case as if nothing has happened, seeking affirmative relief from the Court on various issues. Such will not stand. Neither Plaintiff nor this Court shall be asked to expend any more resources on this matter until the matter of default has been addressed. Defendants' Motion to Compel (Dkt. 152), Defendants' Motion to Dismiss for Failure to State a Claim or Alternatively Motion for More Definite Statement (Dkt. 153), and Defendants' Motion for Summary Judgment (Dkt 154) shall be STRICKEN from the record. If the Court finds that default judgment is not appropriate and that the matter shall proceed to trial, Defendants may then seek leave to file any appropriate discovery and dispositive motions.

Defendants' First Amended Original Answer (Dkt. 137), Defendants' Expert Designation (Dkt. 150), Defendants' Witness List (Dkt. 155) are also ORDERED STRICKEN from the record based on the Court's May 3 Order. Until Defendants fully comply with the Court's March 29, 2012 and May 3, 2012 Orders or until Judge Schell considers this report and Plaintiff's request for default judgment – whichever is sooner – Defendants shall make no further filings in this matter.[3]

The Federal Rules of Civil Procedure grants this Court broad powers to enforce its own orders. *See* Fed. R. Civ. P. 11; Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37. When a party fails to obey a discovery order, like the Court's May 3 Order, Federal Rule of Civil Procedure 37 permits the

---

[3] This prohibition excludes Defendants' right to file materials in response to this report in conjunction with 28 U.S.C. § 636.

Court to enter a sanctions order "striking pleadings in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii). Rule 37 also provides that the Court may enter an order "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(vi). Rule 16 also permits the Court to issue any just orders for a party's failure to obey a pretrial order. FED. R. CIV. P. 16(f)(1)(C).

The Court recognizes that the Fifth Circuit "permits the drastic sanction of dismissal or judgment by default only in extreme situations where there is a clear record of contumacious conduct." *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir. 1973), and finds that the record in this case evidences such contumacious conduct. Here, the numerous attempts by the Court at lesser sanctions over a period of more than 22 months – including setting show cause hearings (*see* Dkts. 36, 37, 39, 49 & 51), providing verbal warnings in Court and written warnings in orders and reports and recommendations (*see, e.g.,* Dkts. 52, 95, 114, 115, 123,126 & 146), ordering sanctions (*see* Dkt. 79), ordering a separate award of attorneys' fees (*see* Dkt. 140), and overruling all discovery objections (*see* Dkt. 147) – have apparently been an "inefficacious deterrent." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Moreover, the Court finds that the non-compliance by the Defendants has been knowing and willful and is attributable to Armenta, an individual Defendant and the corporate representative of all Corporate Defendants. *Id.* Since the Court's first recommendation of entry of default judgment (following a complete lack of responsiveness by Defendants to notices from the Court),[4] Defendant Armenta has been present at

---

[4]The Court notes that this period of unresponsiveness was preceded by another period of unresponsiveness by Defendants during the arbitration proceedings in this matter, after which

5

every hearing before the Court and represented – apparently misrepresented – a desire to comply with his obligations defending the claims against all Defendants. He has not complied on behalf of any Defendant, and the Court will not be misled as to any more empty promises. Of particular significance to the Court here are the repeated instances of non-compliance and periods of inactivity in the case by Defendants, which is set forth thoroughly in the record herein. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51, 111 S. Ct. 2123, 2136 (1991).[5]

The long history of Defendants' failure to act in this case is fully set forth in the undersigned's multiple orders and reports and recommendations and are fully incorporated herein (*see, e.g.*, Dkts. 52 & 95). And, the Court is left with no more options.

As to the monies ordered paid to Plaintiff, Defendants have argued that they were unable to pay but provided no evidence of such financial inability. Notably, even though their request was denied, in their motion for extension of time to pay the funds, Defendants represented to the Court that they would have the funds by June 8, 2012. *See* Dkt. 141. Even that day has come and gone without payment or notice to the Court as to why.

---

Defendant Armenta represented to the Court that he would become engaged in the suit. He did not.

[5]"Much of the bad-faith conduct by Chambers, however, was beyond the reach of the Rules; his entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court, and the conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address. In circumstances such as these in which all of a litigant's conduct is deemed sanctionable, requiring a court first to apply Rules and statutes containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves."

As to the discovery requests, the Court finds that there is no excuse for Defendants' failure to provide complete responses, as the Court's May 3 Order overruled all objections to production other than privilege. The records sought by Plaintiffs do not require significant financial resources to acquire, and the Court finds that the failure to make any meaningful document production as directed is another example of Defendants' complete disregard of their obligations in this suit. Failure to produce such discovery drastically impairs Plaintiff's ability to prepare for the presentation of its case. *See, e.g., SPSL Opobo Liberia, Inc. v. Marine Worldwide Servs., Inc.*, 454 Fed. Appx. 303, 305 (5th Cir. 2011) (dismissal of plaintiff's claims was warranted as sanction for contumacious failure to make its chief executive available for deposition where plaintiff violated two court orders to produce its chief executive and because failure to produce him for deposition severely prejudiced defendant); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (district court did not abuse discretion concluding that the extreme sanction of dismissal was appropriate after finding bad faith on the part of plaintiffs who failed to meaningfully respond to discovery despite numerous extensions and several admonitions from the court).

The Court finds that judgment should be entered for Plaintiff. *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) ("There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment."). Defendants have had more than sufficient notice of the request for default, initially made more than a year ago and then most recently re-urged a month ago, under Rule 55(b)(2) of the Federal Rules

of Civil Procedure and have been given more than ample time to remedy the situation. FED. R. CIV. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

As to the amount of the judgment, the Court has reviewed Plaintiff's Notice of Filing Second Affidavit of K.D. Shull in Support of Request for Entry of Default Judgment (Dkt. 149), as well as the other documents referenced (*see* Dkts. 77-1 & 80-1), setting forth Plaintiff's damages and attorneys' fees in this matter. The Court finds that the affidavits thoroughly set forth the damages and fees incurred. Further, there being no objection by Defendants to Plaintiff's most recent notice and affidavit (Dkt. 149, filed more than a month ago), the Court finds that Plaintiff's fees and costs are reasonable and finds that judgment should be entered for Plaintiff in the amount of $4,281,233.00 in damages (*see* Dkt. 77-1), $212,830.70 in fees and costs (*see* Dkt. 149-1), along with any applicable pre and post judgment interest. The final judgment in this matter shall also include any attorneys' fees incurred from the date of this report until it is considered by the District Judge and the sanctions awarded by Judge Schell on May 6, 2011 in the amount of $33,544.10 (*see* Dkt. 79).[6]

Docket Entries 137, 150, 152, 153, 154 & 155 are ORDERED STRICKEN from the record, and it is recommended that Plaintiff Futurewei Technologies, Inc.'s Motion for Entry of Default Judgment Against All Defendants (Dkt. 144) be GRANTED in the amount of $4,281,233.00 and Plaintiffs' reasonable attorneys' fees and costs, along with any applicable pre and post judgment

---

[6] The amount of attorneys' fees already awarded by Judge Schell should be included in the final judgment amount but shall not be counted twice in the attorneys' fees awarded.

interest.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE